IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

```
--------------------------------------------------------x
In re                                          :        Chapter 11
                                               :
        CHS FL, LLC, et al.,                   :        Case No. 26-bk-01087
                                               :
                        Debtor.                :        Jointly Administered
                                               :
--------------------------------------------------------x
```

**CERTIFICATE OF NECESSITY AND REQUEST FOR EMERGENCY HEARING**

I HEREBY CERTIFY, as governmental lawyer permitted to practice before the Bar of the Court, that I have carefully examined the matter under consideration and to the best of my knowledge, information and belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, and there is just cause to request a consideration of the following pleading on an emergency basis:

**City of Philadelphia's Motion to Compel Debtors to Reject Executory Contract Pursuant to Section 365(d)(2)**

I CERTIFY FURTHER that there is a true necessity for an emergency hearing, specifically, because the City seeks to compel the Debtors to reject the Provider Agreement with the City on a mutually agreed upon date but no later than 6/1 and requires a hearing on the earliest available date  for the following reasons: the Debtors have not received permission to pay employee wages for 5/8 & 5/15.  The Debtors' employees going without wages have led to critically low staffing

levels at PDP facilities, which are unsustainable and may impact patient care quality.  Moreover, the longer the employees go unpaid, the greater the risk that the employees will seek other employment depriving the PDP facilities of substantial institutional knowledge.  In addition, the Provider Agreement is of minimal value to the Debtors due to its limited remaining duration.  It is highly unlikely the Debtors will be able to assume and assign the Provider Agreement to a new service provider with only five full weeks remaining.

I CERTIFY FURTHER that the necessity of this emergency hearing has not been caused by a lack of due diligence on my part but has been brought about only by circumstances beyond my control or that of my client.  I further certify that this motion is filed with full understanding of F.R.B.P. 9011 and the consequences of noncompliance with same.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: May 19, 2026          By:     */s/ Pamela Elchert Thurmond*
PAMELA ELCHERT THURMOND
Senior Attorney
PA Attorney I.D. 202054
Appearance as a Governmental Attorney
Attorney for the City of Philadelphia
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0508 (phone)
Email: Pamela.Thurmond@phila.gov