UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CHS FL, LLC, *et al.*,[1] | Case No. 2:26-bk-01087-FMR |
| Debtors. | *Jointly Administered* |
| _____/ | |
| In re: | Chapter 11 |
| Corizon Health of New Mexico, LLC, | Case No. 2:26-bk-01144-FMR |
| Debtor. | *Joint Administration Request Pending* |
| Tax I.D. No. Ending 4760 | |
| _____/ | |
| In re: | Chapter 11 |
| CHS Care NY, LLC | Case No. 2:26-bk-01145-FMR |
| Debtor. | *Joint Administration Request Pending* |
| Tax I.D. No. Ending 4573 | |
| _____/ | |
| In re: | Chapter 11 |
| CHS Care TX, LLC, | Case No. 2:26-bk-01146-FMR |
| Debtor. | *Joint Administration Request Pending* |
| Tax I.D. No. Ending 6583 | |
| _____/ | |

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL,
(II) GRANTING LIENS AND PROVIDING CLAIMS WITH SUPERPRIORITY
ADMINISTRATIVE EXPENSE STATUS, (III) MODIFYING THE AUTOMATIC STAY,**

---

[1] The address of the Lead Debtor is 3347 Tamiami Trail E., Naples, FL 34112. The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) YesCare Corp. (5961) (iii) CHS TX, Inc. (5886); and (iv) CHS AL, LLC (0801).

111197173.2

**(IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF**

**(Request for Expedited Hearing on May 21, 2026)**

The above-captioned debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned counsel, seek entry of an interim order ("**Interim Order**") in the form attached hereto as **Exhibit A**, that (i) authorizes the Debtors to use cash collateral consistent with the Interim Order; (ii) grants superpriority administrative claims to M2 LoanCo LLC, the Lender ("**Lender**"); (iii) modifies the automatic stay; and (iv) schedules a final hearing to consider entry of a final order ("**Final Order**" and together with the Interim Order, the "**Cash Collateral Orders**") granting this motion (the "**Motion**"). In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of David Goldwasser in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"), which is being filed contemporaneously herewith, and respectfully represent as follows:[2]

## I.   INTRODUCTION

1.      The relief requested in this Motion is of critical importance to the Debtors' business operations. Indeed, the Debtors were unable to timely satisfy payroll related obligations to more than 1,500 employees prior to the filing of these Chapter 11 Cases and will not be able to pay those employees unless and until the Court approves the Motion. The Debtors continue to negotiate potential debtor-in-possession ("**DIP**") financing but have been unable to secure additional DIP financing. Until such financing is obtained, the Debtors have negotiated the consensual use of cash collateral. Although the majority of the Debtors' employees have continued to provide services, it is critical that the Debtors obtain authority to use cash collateral to pay both pre- and post-petition

---

[2]  Capitalized terms used but not yet defined herein shall have the meanings ascribed to them later in this Motion or in the Interim Order, as applicable.

wages and other expenses. Funding will be in accordance with a budget agreed to by the Debtors

and the Lender (the "**Budget**"), which is attached as an exhibit to the Interim Order attached hereto.[3]

**STATEMENT OF RELIEF REQUESTED**
**PURSUANT TO BANKRUPTCY RULE 4001(d)(1)(B)**

2.      The Debtors request an interim and final hearing on the Motion and entry of the

proposed Interim Order granting the following relief to avoid immediate and irreparable harm to

the Debtors' estates: (i) use of cash collateral in accordance with the budget attached as **Exhibit 1**

to the Interim Order, pursuant to Bankruptcy Code section 363 and granting adequate protection in

connection therewith, (ii) scheduling a final hearing to consider entry of a final order approving the

use of cash collateral pursuant to Bankruptcy Rule 4001, and (iii) granting the Lender adequate

protection in the form of replacement liens and superpriority administrative claim over the assets

of the Debtors.

**CONCISE STATEMENT PURSUANT TO BANKRUPTCY RULE 4001(b)**

| | |
|---|---|
| **Prepetition Obligors**<br>Bankr. Rule 4001(b)(1)(B)<br>Interim Order, recitals | YesCare Corp. and CHS TX., Inc. |
| **Lender with Interest in Cash Collateral**<br>Bankr. Rule 4001(b)(1)(B)<br>Interim Order, recitals | M2 LoanCo LLC |
| **Guarantors**<br>Bankr. Rule 4001(b)(1)(B) | N/A |
| **Term**<br>Bankr. Rule 4001(b)(1)(B)<br>Interim Order, paragraph 12. | June 30, 2026. |
| **Use of Cash Collateral**<br>Bankr. Rule 4001(b)(1)(B)(ii)<br>Interim Order, Exhibit A. | The Borrower shall use the Cash Collateral in accordance with the Budget attached to the Interim Order as Exhibit A (as may be amended, modified and/or supplemented). |

---

[3] The Debtors and Lender are continuing to negotiate with respect to a standard, 13-week budget, which shall be submitted prior to any final hearing with respect to the relief requested herein.

| | |
|---|---|
| **Events of Default**<br>Bankr. Rule 4001(b)(1)(B)<br>Interim Order, paragraph 12. | Unless the Lender otherwise agrees in writing, the Termination Date shall occur upon the earliest of any of the following Events of Default after three (3) business days' written notice for breach (the "**Remedies Notice Period**"), with an opportunity to cure solely within such Remedies Notice Period: (a) Debtors' failure to perform any of the terms, provisions, and covenants under the Interim Order, (b) default by the Debtors in timely making Adequate Protection Payments or monthly financial reporting as required under the Interim Order and/or the U.S. Trustee guidelines, or (c) June 30, 2026. |
| **Entities with Interest in Post-Petition Collateral**<br>Bankr. Rule 4001(b)(1)(B)(i)<br>Interim Order, recitals. | Lender |
| **Carve Out**<br>Bankr. Rule 4001(b)(1)(B)<br>Interim Order, paragraphs 5 and 12. | Budgeted amounts, plus post-Termination Date carve out. |
| **Section 506(c) Waiver**<br>Bankr. Rule 4001(b)(1)(B)<br>Interim Order, paragraph 11. | The Interim Order contains a waiver of 506(c) claims. |
| **Challenge Period**<br>Bankr. Rule 4001(b)(1)(B)<br>Interim Order, paragraph 14. | Any creditor, committee or other party in interest with appropriate standing may investigate the facts and file a complaint or an objection to the Lender's claim within thirty (30) days from entry of the Interim Order. |
| **Adequate Protection**<br>Bankr. Rule 4001(b)(1)(B)(iv)<br>Interim Order, paragraph 4. | Replacement liens, section 507(b) superpriority claim. |
| **Waiver/Modifications of the Automatic Stay**<br>Bankr. Rule 4001(b)(1)(B)<br>Interim Order, paragraph 7. | Waived to allow adequate protection and perfection. |

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

4.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The bases for the relief requested herein are sections 105, 362, 363, 503, 506(c) and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 2081-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Local Rules**").

### III.     BACKGROUND

#### A.     General

6.     On May 8, 2026 and May 13, 2026, as applicable, (the "**Petition Date"),** each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.     The Debtors are operating as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8.     As of the date hereof, no request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee of unsecured creditors has been appointed.

9.     A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Chapter 11 Cases, is set forth in the First Day Declaration.

#### B.     Prepetition Debt and Capital Structure

10.     As of May 8, 2026, Debtors YesCare Corp. and CHS TX, Inc. were indebted to the Lender, M2 LoanCo, LLC, under that certain Third Amended and Restated Credit Agreement (as amended and/or modified from time to time). The Debtors believe that the Lender's claims are secured and properly perfected in all of the assets of Debtors YesCare Corp. and CHS TX, Inc.

11.     Upon information and belief, as of the Petition Date, the Debtors owed the Lender $16,204,259. The Debtors continue to reconcile the outstanding amounts owed to the Lender.

111197173.2                                                5

## IV.    RELIEF REQUESTED

12.    By this Motion, the Debtors seek entry of the Interim Order, and subsequently, the Final Order:

(i)    authorizing the Debtors to use the prepetition collateral, including the cash collateral ("**Cash Collateral**") of the Lender, and providing adequate protection to the Lender for, among other things, any Collateral Diminution (as defined in the Interim Order) in the value of the prepetition collateral, if any, including on a dollar-for-dollar basis in respect of Cash Collateral, from and after the Petition Date;

(ii)    subject to the Carve Out (as defined in the Interim Order), granting to the Lender replacement liens and allowed superpriority administrative expense claims;

(iii)    vacating and modifying the automatic stay to the extent set forth herein to the extent necessary to permit the Debtors and the Lender to implement and effectuate the terms and provisions of the Interim Order;

(iv)    waiving any applicable stay (including under Bankruptcy Rule 6004) and providing for immediate effectiveness of the Interim Order and, upon entry, the Final Order; and

(v)    scheduling a final hearing (the "**Final Hearing**") to consider final approval of use of Cash Collateral pursuant to the Final Order, as set forth in this Motion.

## I.    The Debtor's Immediate Need for Use of Cash Collateral

13.    The Debtors need immediate access to liquidity to ensure sufficient working capital to operate their businesses in the ordinary course, pay employees and vendors, service customers, and pursue a path forward in these Chapter 11 Cases. Absent the liquidity provided under the proposed DIP Facility, the Debtors' estates will be materially and irreparably harmed.

14.    The Debtors have engaged David Goldwasser of FIA Capital Partners, LLC ("**FIA**") as Chief Restructuring Officer to assist management with the reporting needs of the stakeholders, discussions with creditors, discussions with new investors and lenders, and the requirements of the bankruptcy process to allow management to focus on continuing production

improvements and increasing sales.

15.     The Debtors continue to seek access to DIP financing to provide additional funds for these Chapter 11 Cases but, to date, have been unable to obtain a commitment for financing.

## II.     Use of Cash Collateral Was Negotiated in Good Faith and at Arm's Length

16.     The Debtors' management team, legal advisors, and chief restructuring officer, Mr. Goldwasser, were involved throughout the negotiations with the Lender for use of the Cash Collateral, which were conducted at arm's length and in good faith.

17.     There are no alternative financing sources available to the Debtors, and the Debtors have an immediate need to use Cash Collateral to preserve value for its stakeholders and to prevent immediate and irreparable harm to the value of the Debtors' estates. The consensual use of Cash Collateral is in the best interests of the Debtors and their stakeholders.

## BASIS FOR RELIEF

## I.     The Debtor Should be Authorized to Use Cash Collateral

18.     Bankruptcy Code section 363 generally governs the use of estate property. Bankruptcy Code section 363(c)(2)(A) permits a debtor in possession to use cash collateral with the consent of the secured party. Here, the Lender consents to the Debtors' use of Cash Collateral, subject to the terms and limitations set forth in the Interim Order.

19.     Bankruptcy Code section 363(e) provides for adequate protection of interests in property when a debtor uses cash collateral. Further, Bankruptcy Code section 362(d)(1) provides for adequate protection of interests in property due to the imposition of the automatic stay. *See In re Cont'l Airlines*, 91 F.3d 553, 556 (3d Cir. 1996) (en banc). Although Bankruptcy Code section 361 provides examples of forms of adequate protection, such as granting replacement liens and administrative claims, courts decide what constitutes sufficient adequate protection on a case-by-case basis. *See, e.g., In re First South Sav. Ass'n*, 820 F.2d 700, 710 (5th Cir. 1987) (explaining

that adequate protection depends on the facts and circumstances of the case); *In re Las Torres Dev.*, LLC, 413 B.R. 687, 697 (Bankr. S.D. Tex. 2009) ("[I]n determining whether a secured creditor's interest is adequately protected, most courts engage in an analysis of the property's 'equity cushion'—the value of the property after deducting the claim of the creditor seeking relief from the automatic stay and all senior claims.") (internal quotes and citations omitted); *see also In re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993) (citing 2 Collier on Bankruptcy ¶ 361.01[1] at 361–66 (15th ed. 1993) (explaining that adequate protection can take many forms and "must be determined based upon equitable considerations arising from the particular facts of each proceeding")). The concept of adequate protection is designed to shield a secured creditor from diminution in the value of its interest in collateral during the period of a debtor's use. *See In re Carbone Cos.*, 395 B.R. 631, 635 (Bankr. N.D. Ohio 2008) ("The test is whether the secured party's interest is protected from diminution or decrease as a result of the proposed use of cash collateral."); *see also In re Cont'l Airlines, Inc.*, 154 B.R. 176, 180-81 (Bankr. D. Del. 1993) (holding that adequate protection for use of collateral under section 363 of the Bankruptcy Code is limited to the collateral's decline in value from the time the secured creditor moves for relief from the automatic stay under section 362(d) of the Bankruptcy Code).

### A.   Adequate Protection Provided to Lender

20.   As set forth in the form of the Interim Order, the Debtors propose to provide the Lender with a variety of adequate protection to compensate it for a postpetition diminution in value of its collateral, if any, including Cash Collateral, resulting from the use, sale, or lease of sch collateral by the Debtors and the imposition of the automatic stay (collectively, the "**Adequate Protection Obligations**").

21.   The Debtors submit that the proposed Adequate Protection Obligations are sufficient to protect the Lender from any potential diminution in value to Cash Collateral. In light

of the foregoing, the Debtors further submit that the proposed Adequate Protection Obligations to be provided for the benefit of the Prepetition Lender are appropriate. Thus, the Debtor's provision of the Adequate Protection Obligations is not only necessary to protect against any diminution in value but is fair and appropriate under the circumstances of these Chapter 11 Cases to ensure the Debtors are able to continue using Cash Collateral, subject to the terms and limitations set forth in the Interim Order, for the benefit of all parties in interest and their estates.

## II.      Failure to Obtain Immediate Interim Access to the Use of Cash Would Cause Immediate and Irreparable Harm

22.      Bankruptcy Rules 4001(b) and 4001(c) provide that a final hearing on a motion to use cash collateral pursuant to Bankruptcy Code section 363 may not be commenced earlier than 14 days after the service of such motion. Upon request, however, the Court may conduct a preliminary, expedited hearing on the motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate.

23.      For the reasons noted above, the Debtors have an immediate postpetition need to use cash on hand. The Debtors cannot maintain the value of the estates during the pendency of these Chapter 11 Cases without access to cash. The Debtors will use cash, among other things, to fund the operation of their business, maintain business relationships with its vendors and suppliers, fund payroll, and satisfy other essential working capital and operational needs, all of which are required to preserve and maintain the Debtors' going concern value for the benefit of all parties in interest and to fund the administration of these Chapter 11 Cases. In short, the Debtors' ability to administer these Chapter 11 Cases through the use of cash (to the extent it might be "cash collateral") is vital to preserve and maximize the value of the Debtors' estates.

24.      The Debtors request that the Court hold and conduct a hearing to consider entry of the Interim Order authorizing the Debtors, from and after entry of the Interim Order until the

Final Hearing, to use the Cash Collateral. The Debtors require access to the Cash Collateral prior to the Final Hearing and entry of the Final Order to continue operating in the normal course and pay their administrative expenses. This relief will enable the Debtors to preserve and maximize value and, therefore, avoid immediate and irreparable harm and prejudice to its estate and all parties in interest, pending the Final Hearing.

## REQUEST FOR FINAL HEARING

25.     Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Debtors request that the Court set a date for the Final Hearing that is as soon as practicable, and in no event later than 21 days after the date of this Motion, and fix the time and date prior to the Final Hearing for parties to file objections to this Motion.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

26.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## NOTICE

27.     The Debtor will provide notice of this Motion to the following parties or their counsel: (i) the U.S. Trustee for the Middle District of Florida; (ii) the holders of the 30 largest unsecured claims against the Debtors; (iii) counsel to Lender, (iv) the United States Attorney's Office for the Middle District of Florida; (v) the Internal Revenue Service; (vi) the state attorneys general for states in which the Debtors conduct business; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is needed.

111197173.2

**NO PRIOR REQUEST**

28.    No prior request for the relief sought in this Motion has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an interim order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: May 15, 2026                    Respectfully submitted,

| | |
|---|---|
| **POLSINELLI PC** | **DAL LAGO LAW** |
| 600 Third Avenue | 999 Vanderbilt Beach Road |
| 42nd Floor | Suite 200 |
| New York, NY 10016 | Naples, FL 34108 |
| Telephone: (646) 289-6507 | Telephone: (239) 571-6877 |
| | |
| By: */s/ Jeremy R. Johnson* | By: */s/ Michael R. Dal Lago* |
| JEREMY R. JOHNSON (admitted *pro hac vice*) | Michael R. Dal Lago |
| New York Bar No. 4307617 | Florida Bar No. 102185 |
| Email: jeremy.johnson@polsinelli.com | Email: mike@dallagolaw.com |
| | CHRISTIAN GARRETT HAMAN |
| 4020 Maple Ave., Suite 300 | Florida Bar No. 1017079 |
| Dallas, TX 75219 | Email: chaman@dallagolaw.com |
| | |
| By: */s/ Trinitee G. Green* | *Filer's Attestation: Pursuant to Local Rule* |
| TRINITEE G. GREEN (admitted *pro hac vice*) | *1001-2(g)(3) regarding signatures, Christian* |
| Texas Bar No. 24081320 | *Garrett Haman attests that concurrence in the* |
| Email: tggreen@polsinelli.com | *filing of this paper has been obtained.* |
| | |
| *Proposed Counsel for the Debtors and Debtors-in-Possession* | *Proposed Local Counsel to the Debtors and Debtors in Possession* |

111197173.2                              11