**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CHS FL, LLC, et al.,[1] | Case No.: 2:26-bk-01087-FMR |
| Debtor. | Jointly Administered |
| _____/ | |

### KOHCHISE JACKSON'S LIMITED
### OBJECTION TO CASH COLLATERAL MOTION [DOC. 81]

Pursuant to Bankruptcy Code §§102(1) and 363(c)(2)(B), Federal Rules of Civil Procedure 4001(b) and 9014, and other applicable law, Kohchise Jackson, ("Jackson") by and through his undersigned counsel, hereby objects on a limited basis to the relief requested by the Debtor in "Debtors' Expedited Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtors To Use Cash Collateral, (II) Granting Liens And Providing Claims With Superpriority Administrative Expense Status, (III) Modifying The Automatic Stay, (IV) Scheduling A Final Hearing, And (V) Granting Related Relief" (the "Cash Collateral Motion") [Doc. 81]:

### A. Abbreviated Relevant Background

1.      Jackson is the holder of a claim in an amount exceeding $307,500,000, in conformity with a jury verdict handed down on April 2, 2026, in connection with a federal lawsuit pending but now stayed in Detroit, Michigan.

---

[1] The address of the Lead Debtor is 3357 Tamiami Trail East, Naples, FL 34112. The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) CHS TX, Inc. (5886); (iii) CHS AL, LLC (0801); and (iv) YesCare Corp. (5691).

2.      The Debtors commenced the first of the above-captioned bankruptcy cases (the "Reorganizations") on May 8, 2026.  The Debtors are continuing in the ownership of their assets and the operation of their businesses pursuant to Bankruptcy Code §§107, 108, and the orders of this Court.  Upon information and belief, additional affiliated debtors have also filed petitions that have not been properly assigned to this Court for joint administration.

3.      The Office of the United States Trustee has not yet formed an official committee of general unsecured creditors; however, there can be no doubt that a creditors committee should be appointed and fully authorized to pursue the range of powers and duties set forth in Bankruptcy Code §103.  There is no reason to believe that the Debtors can operate responsibly in chapter 11 absent the watchful eye of the U.S. Trustee and a robust creditors committee.

4.      The Debtors' financial reporting to date in the Reorganizations has been minimal.  The Debtors have yet to file their bankruptcy schedules, statement of affairs, or related materials that would be helpful in understanding their goals in filing these Reorganizations.  Although there was some indication that the Debtors would file case management summaries on a belated basis by May 20, 2026, it appears as of the time of this filing that no such summary(ies) have occurred.

5.      There can be little doubt that the Debtors operate in the healthcare industry, and that their standard operating procedures are deplorably deficient.  This is evidenced in part by the fact that a large portion of Jackson's jury award included punitive damages, following the jury's opportunity to consider the live courtroom testimony of its principal

Issac Lefkowitz.  However, the Debtors have yet to propose a patient care ombudsman as required under Bankruptcy Code §333.  Numerous other healthcare victims are in the process of joining Jackson in raising concerns regarding the issue of whether the Debtors will operate safely in chapter 11.

### B.  Jackson's Abbreviated Limited Objections

6.      As the largest single creditor in the Reorganizations, with a liquidated claim, Jackson does not object to the continuation of the Debtors' business operations with appropriate oversight by a patient care ombudsman.  However, the ownership of the Debtors has established a track record for highly problematic business judgment, financial record keeping, and inaccurate bankruptcy filings in a prior related bankruptcy context. Under the circumstances, this Court should view askance any cash collateral package which includes insider releases, abbreviated challenge periods, and other material terms obviously intended to limit the rights of creditors going forward.

7.      The cash collateral package revealed in the Cash Collateral Motion contains numerous material terms and provisions that have nothing to do with the use of cash collateral, and seem to have everything to do with inoculating Mr. Lefkowitz from liability to the estates and their creditors.

8.      As a threshold matter, the filing of the Cash Collateral Motion on an expedited basis two (2) days before a scheduled hearing is suspect:  There is no reason to believe that the Cash Collateral Motion could not have been filed on the petition date.  But even if the Debtors were uncertain of the terms that they wanted under Bankruptcy Code §363(c), it is clear that the notice period is completely insufficient for purposes of the

requirements for notice and a hearing as that phrase is explained in Bankruptcy Code §§102(1) and 4001(b)(2).

9.   At the very least, consideration of the Debtors' cash collateral package should be deferred until the Debtors have reviewed its terms with a properly constituted and represented creditors committee, with proper accounting for a patient care ombudsman, and a reasonable opportunity for other parties in interest as that term is used in Bankruptcy Code §1109(b) to seek counsel.  It cannot be gainsaid that the Debtors have had their bankruptcy counsel lined up for quite some time, but that the Debtors' tort victims had no advance preparations for these filings.

10.   If the Debtors are intent that they will refuse to use cash collateral of the ordinary course of their operating businesses unless or until this Court (a) approves broad releases for Mr. Lefkowitz and others, (b) rations out a parsimonious retainer for creditors committee counsel, (c) sanitizes an otherwise highly suspect secured lending relationship between the Debtors and a lender controlled by the same parent company and (d) imposes challenge periods that are particularly unfair to tort claimants, then Jackson intends that the ownership of the Debtors has commenced the Reorganizations for an improper purpose.  If the Debtors wish to utilize Bankruptcy Code §363(c) in order to operate, rather than inoculate, then they should set forth a reasonable budget for interim use of cash collateral without ancillary objectionable terms and conditions.

WHEREFORE Jackson requests that this Court grant the Debtors' request for use of cash collateral only to the extent that is customary and reasonable in light of the needs

of the Debtors, without any form of ancillary relief for equity or others, and without attempting to hamstring creditors or any future creditors committee.

**LAURENCE H. MARGOLIS, ESQUIRE**
Michigan Bar Number:  P69635
Larry@lawinannarbor.com
**IAN T. CROSS, ESQUIRE**
Michigan Bar Number:  P83367
Ian@lawinannarbor.com
**MARGOLIS & CROSS**
402 W Liberty St, Suite #100
Ann Arbor, MI 48103
Tel: (734) 994-9590

and

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**STEPHENIE B. ANTHONY, ESQ.**
Florida Bar No. 0127299
santhony@anthonyandpartners.com
**ANTHONY & PARTNERS, PLLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone:  813/273-5616
Attorneys for Kohchise Jackson

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system, and furnished by U.S. first class mail and/or electronic means to:

| | |
|---|---|
| **Michael R. Dal Lago, Esq.** | **Trinitee Gale Green** |
| Bajo Cohen Agliano, P.A. | Polsinelli PC |
| 999 Vanderbilt Beach Road, Suite 200 | 150 N. Riverside Plaza, Suite 300 |
| Naples, FL 34180 | Chicago, IL 60606 |
| Email: mike@dallagolaw.com | Email: tggreen@polsinelli.com |
| | |
| **Christain G. Haman** | **United States Trustee – FTM** |
| Dal Lago Law | Timberlake Annex, Suite 1200 |

999 Vanderbilt Beach Road, Suite 200
Naples, FL 34180
Email: chaman@dallagolaw.com

**CHS FL, LLC**
205 Powell Place, Ste. 104
Brentwood, TN 37027

501 E. Polk Street
Tampa, FL 33602

All other registered to receive CM/EMCF in
this case.

/s/ John A. Anthony
**ATTORNEY**