# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 23-90086 (CML) |
| TEHUM CARE SERVICES INC.,[1] | Chapter 11 |
| Debtor. | |

---

| | |
|---|---|
| MATTHEW J. DUNDON, solely in his capacity as the GUC TRUSTEE of the GUC TRUSTE, MICHAEL ZIMMERMAN, solely in his capacity as the PI/WD TRUSTEE of the PI/WD TRUST, and THE POST-EFFECTIVE DATE DEBTOR, | Adv. Pro. No. 26-03138 (CML) |
| Plaintiffs, | |
| v. | |
| YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ, YESCARE CORP., CHS TX, INC., GENEVA CONSULTING, LLC, PERIGROVE, LLC, PERIGROVE 1018, LLC, M2 HOLDCO LLC, M2 LOANCO LLC, PHARMACORR LLC, SARA ANN TIRSCHWELL, AYODEJI OLAWALE LADELE, BEVERLY MICHELLE RICE, JEFFREY SCOTT KING, JENNIFER LYNNE FINGER, and FRANK JEFFREY SHOLEY, | |
| Defendants. | |

---

### ANSWER TO COMPLAINT

Defendants M2 HoldCo LLC ("M2 HoldCo") and M2 LoanCo LLC ("M2 LoanCo")

(collectively, the "Answering Defendants"), by and through their undersigned attorneys, hereby

submit this Answer to the Complaint (the "Complaint")[2] of Matthew J. Dundon (the "GUC

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Terms defined in the Compliant shall have the same meanings for purposes of this Answer.

1

Trustee"), solely in his capacity as the GUC Trustee of the GUC Trust, Michael Zimmerman (the "PI/WD Trustee"), solely in his capacity as the PI/WD Trustee of the PI/WD Trust, and The Post-Effective Date Debtor (the "Debtor").

## Introduction

Since the commencement of this Adversary Proceeding, the prime defendants, YesCare Corp. and CHS TX, Inc. (collectively, the "Florida Debtors"), commenced their own Chapter 11 cases in the Middle District of Florida (the "Florida Bankruptcy Court") on May 8, 2026, and May 13, 2026, respectively. All claims asserted herein against the Florida Debtors are stayed by operation of law pursuant to 11 U.S.C. §362(a). The question is whether the entire Adversary Proceeding is stayed as to the non-debtor parties pursuant to the rationale of the decision by the Second Circuit Court of Appeals in *In re Fogarty*, 39 F.4th 62 (2d Cir. 2022). The *Fogarty* case established a "bright-line rule: if the debtor is a named party in a proceeding or action, then the automatic stay imposed by those subsections applies to the continuation of such a proceeding or action . . . ." *Id.*, at 76. The reasoning supporting this brightline rule is sound and should be applied here.

Yet, even if, *arguendo*, the automatic stay does not immediately apply to the non-debtor defendants, the intervening Chapter 11 cases involving the Florida Debtors certainly changed the complexion of this Adversary Proceeding. Specifically, the main Claims and Causes of Action relate to claims by Plaintiffs to set aside and avoid the Divisional Merger involving Corizon Health (even though permitted and recognized under Texas law) as an alleged fraudulent conveyance under Sections 544(b), 548(a)(1)(A) and 550 as against each of the Florida Debtors. The fraudulent conveyance claims and contentions lie at the heart of the Complaint with the majority of the factual allegations (disputed as they may be) focused on events the surrounding the Divisional Merger. While these Claims and Causes of Action are stayed by operation of law at

2

this juncture, the Answering Defendants are filing this Answer to respond to the specific

allegations and Causes of Action asserted against them.[3]  The filing of this Answer is without

prejudice to the right to seek removal and transfer of the Adversary Proceeding pursuant to

Bankruptcy Rule 9027 once the question of the venue of the Chapter 11 cases is decided.

### Response to Nature of the Action

1.      To the extent relevant or applicable to them, the Answering Defendants deny the

allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13",

"14", "15", "16", "17" and "18" of the Complaint, except the Answering Defendants admit that a

Divisional Merger occurred, Tehum confirmed a plan of reorganization predicated upon the

Settlement as defined therein, monetary defaults under the Settlement occurred in February 2026

after the Settlement was partially funded, and the Channeling Injunction terminated.

### Response to Jurisdiction

2.      The Answering Defendants neither admit nor deny the allegations contained in

paragraphs "19", "20", "21" and "22" of the Complaint which involve questions of law concerning

the proper scope of the Bankruptcy Court's post-confirmation jurisdiction to hear and decide this

Adversary Proceeding against the non-debtors. While the Plan and ensuing Confirmation Order

reserved jurisdiction over the enforcement of the Settlement, there was no specific reservation that

if a default occurred, the Bankruptcy Court retained post-confirmation jurisdiction over any ensuing

litigation against the Answering Defendants as non-debtors.  The Answering Defendants deny that

the Bankruptcy Court has core jurisdiction over this post-confirmation Adversary Proceeding and

the Answering Defendants do not consent to the entry of a final judgment by the Bankruptcy Court.

---

[3] The Claims and Causes of Action against the Answering Defendants are limited to specific allegations in Counts IV, V and VI and general allegations in Counts XV and XVI.  Hence most of the allegations in the Complaint do not apply to the Answering Defendants, and appropriate references to this circumstance are made throughout this Answer.

**Response to The Parties**

3.      The Answering Defendants deny knowledge and information sufficient to form a belief with respect to the allegations contained in paragraphs "23", "24" and "25" of the Complaint, except admit the Plan and Settlement provided for the establishment of various trusts with various rights in the event the Channeling Injunction was terminated.

4.      The allegations contained in paragraphs "26", "27", "28", "29", "30" and "31 are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

5.      The Answering Defendants deny the allegations contained in paragraphs "32" and "33" of the Complaint, except admit that the Answering Defendants are Florida limited liability companies and were designated as Release Parties under the Settlement and Cure Agreement, the terms of which speak for themselves.

6.      The allegations contained in paragraphs "34", "35", "36", "37", "38", "39", "40" and "41" are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to Corizon Health**

7.      The allegations contained in paragraphs "42", "43", "44", "45", and "46" of the Complaint are not directed against the Answering Defendants and no response is required, except the Answering Defendants admit that the Flacks Group sold its equites interest in M2 LoanCo. To the extent that any further response is required, the Answering Defendants deny the allegations therein.

4

**Response to Corizon Was a Mere Instrumentality**

8.     The allegations contained in paragraphs "47" and "48" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to Consulting Agreement with Geneva Consulting LLC**

9.     The allegations contained in paragraphs "49", "50", "51", "52" and "53" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to Signature Account / Transfers to M2 LoanCo**

10.     The Answering Defendants deny the allegations contained in paragraphs "54", "55", "56" and "57" of the Complaint, except admit that M2 LoanCo received various partial loan repayments under pre-existing credit facilities.

**Response to Other Perigrove 1018 and Lefkowitz-Related Entities**

11.     The allegations contained in paragraphs "58", "59" and "60" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to Personal Injury and Wrongful Death Claims**

12.     The allegations contained in paragraphs "61", "62', "63", "64", "65', "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77" and "78" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to Commercial Claims**

13.     The allegations contained in paragraphs 79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89" and "90" of the Complaint, are not directed against the Answering Defendants

5

and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to Project Orange**

14.     The allegations contained in paragraphs "91", "92", "93", "94", "95", "96", "97", "98", "99" and "100" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to Implementing the Fraud**

15.     The allegations contained in paragraph "101" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to The Creation of YesCare**

16.     The allegations contained in paragraphs "102" and "103" of the Complaint are not directed against the Answering Defendants and otherwise relate to Claims and Causes of Action against the Florida Debtors which are stayed. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to Funnel New Business to Newly Formed YesCare Entities**

17.     The allegations contained in paragraphs "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120". "121" and "122" of the Complaint are not directed against the Answering Defendants and otherwise relate to Claims and Causes of Action against the Florida Debtors which are stayed. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to The Divisional Merger**

6

18. The allegations contained in paragraphs "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137" and "138" of the Complaint are not directed against the Answering Defendants and otherwise relate to Claims and Causes of Action against the Florida Debtors which are stayed. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to The Fairness Opinion and Forged Bank Statement

19. The allegations contained in paragraphs "139", "140". "141", "142", "143", "144", "145" and "146" of the Complaint are not directed against the Answering Defendants and otherwise relate to Claims and Causes of Action against the Florida Debtors which are stayed. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to YesCare as the Mere Continuation of Corizon

20. The allegations contained in paragraphs "147", "138", "149", "150". "151", "152", "153", "154", "155", "156" and "157" of the Complaint are not directed against the Answering Defendants and otherwise relate to Claims and Causes of Action against the Florida Debtors which are stayed. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to Perigrove 1018 and Mr. Lefkowitz as Alter Egos of Corizon

21. The allegations contained in paragraphs "158", "159", "160". "161", "162", "163", "164", "165", "166" and "167" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to Pre-Bankruptcy Litigation

22. To the extent relevant to them, the Answering Defendants deny the allegations contained in paragraph "168" of the Complaint.

**Response to Litigation in Federal Court in the Eastern District of Michigan**

23.     The allegations contained in paragraphs "169", "170", "171", "172", "173" and "174" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to Litigation in State Court in Missouri**

24.     The allegations contained in paragraphs "175", "176". "177", "178", "179", "180" and "181" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to The Bankruptcy Case**

25.     The allegations contained in paragraphs "182", "183". "184", "185", "186", "187", "188", "189", "190", "191", "192", "193", "194", "195" and "196" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to The Insider DIP Loan**

26.     The Answering Defendants admit the allegations contained in paragraphs "197", "198" and "199" of the Complaint to the extent that M2 LoanCo made DIP Loans to help finance operations in the Chapter 11 case as approved by the Bankruptcy Court, while denying that there was any ill or wrongful intent in making the loans.

**Response to The Senate Inquiry**

27.     The allegations contained in paragraphs "200", "201" and "202" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to The Appointment of the Tort Claimants' Committee**

28.     The Answering Defendants admit the allegations contained in paragraph "203" of the Complaint.

**Response to TCC and UCC Sponsored Chapter 11 Plan**

29.     The Answering Defendants admit that the filings and events referenced in paragraphs "204", "205", "206", "207", "208", "209", "210", "211", "212", "213", "214", "215", "216", "217", "218", "219", "220", "221", "222" and "223" of the Complaint occurred, except deny the Plaintiffs' characterization of those events or the motivation surrounding them. The Plan and Settlement speak for themselves as to their respective terms and conditions. The Answering Defendants deny the remainder of the allegations contained in the referenced paragraphs, if any.

**Response to Solicitation and Plan Confirmation**

30.     The Answering Defendants admit that the filings and events referenced contained in paragraphs "224", "225", "226", "227", "228", "229" and "230" of the Complaint occurred, except deny the Plaintiffs' characterization of those events or the motivation surrounding them. The Plan and Settlement speak for themselves as to their respective terms and conditions. The Answering Defendants deny the remainder of the allegations contained in the referenced paragraphs, if any.

**Response to Post-Confirmation Litigation**

31.     The allegations contained in paragraphs "231", "232", "233" and "234" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to Settlement Payment Default**

32.     The Answering Defendants deny the allegations contained in paragraphs "235", "236", "236", "238", "239", "240", "241", "242", "243" and "244" of the Complaint, except admit that there are defaults under the terms the Settlement. The Settlement and other referenced

documents speak for themselves as to their respective terms and conditions. The Answering Defendants deny the remainder of the allegations contained in the referenced paragraphs, if any.

## Response to First Cause of Action Against CHS TX

33. The First Cause of Action relates to claims against the Florida Debtors which are stayed, and are not directed against the Answering Defendants, and no response is required.

## Response to Second Cause of Action Against CHS TX

34. The Second Cause of Action relates to claims against the Florida Debtors which are stayed, and are not directed against the Answering Defendants, and no response is required.

## Response to Third Cause of Action Against Mr. Lefkowitz, Ms. Tirschwell and Mr. King

35. The Third Cause of Action is not directed against the Answering Defendants and no response is required.

## Response to Fourth Cause of Action Against Geneva, M2 LoanCo and PharmaCorr

36. Paragraph "267" is a restatement and re-allegation of prior paragraphs to which no response is required. To the extent any response is required, the Answering Defendants deny paragraph "267."

37. The Answering Defendants deny the allegations contained in paragraphs "268", "269", "270", "271", "272", "273" and "274" of the Complaint insofar as the allegations relate to M2 LoanCo, and state affirmatively that the subject payments made to M2 LoanCo were valid loan repayments based upon credit facilities that were in existence before the Divisional Merger.

## Response to Fifth Cause of Action Against Geneva, M2 LoanCo and PharmaCorr

38. Paragraph "275" is a restatement and reallegation of prior paragraphs to which no response is required. To the extent any response is required, the Answering Defendants deny paragraph "275."

10

39.     The Answering Defendants deny the allegations contained in paragraphs "276", "277", "278", "279", "280", "281", "282" and "283" of the Complaint insofar as the allegations relate to M2 LoanCo, and state affirmatively that the subject payments made to M2 LoanCo were made in good faith based upon credit facilities that were in existence before the Divisional Merger.

**Response to Sixth Cause of Action Against Mr. Lefkowitz and the Lefkowitz Entities**

40.     Paragraph "284" is a restatement and reallegation of prior paragraphs to which no response is required. To the extent any response is required, the Answering Defendants deny paragraph "284." The Answering Defendants deny the allegations contained in paragraphs "285", "286", "287", "288", "289", "290", "291", "292", "293", "294" and "295" of the Complaint insofar as the allegations relate to M2 LoanCo, and state affirmatively that the subject payments made to M2 LoanCo were valid loan repayments based upon credit facilities that were in existence before the Divisional Merger.

**Response to Seventh Cause of Action Against Corizon Management**

41.     The Seventh Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Eighth Cause of Action Against Mr. Lefkowitz**

**42.**     The Eighth Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Ninth Cause of Action Against Corizon Management**

43.     The Ninth Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Tenth Cause of Action Against Corizon Management**

44.     The Tenth Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Eleventh Cause of Action Against Mr. Lefkowitz**

45.     The Eleventh Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Twelfth Cause of Action Against Perigrove, LLC**

46.     The Twelfth Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Thirteenth Cause of Action Against YesCare Corp.**

47.     The Thirteenth Cause of Action relates to claims against the Florida Debtors which are stayed, and are not directed against the Answering Defendants, and no response is required.

**Response to Fourteenth Cause of Action Against CHS TX**

48.     The Fourteenth Cause of Action relates to claims against the Florida Debtors which are stayed, and are not directed against the Answering Defendants, and no response is required.

**Response to Fifteenth Cause of Action Against the Settlement Parties**

49.     As relevant to them, the Answering Defendants deny the allegations contained in paragraphs "350", "351" and "352" of the Complaint, except admit that there have been certain defaults under the Settlement and Cure Agreement.

**Response to Sixteenth Cause of Action Against All Defendants**

50.     As relevant to them, the Answering Defendants deny the allegations contained in paragraphs "353" and "354" of the Complaint, and Plaintiffs' entitlement to legal fees.

## Response to Reservation of Rights

51.     The Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "355" of the Complaint, but similarly reserve their respective rights.

## First Affirmative Defense

52.     The complaint fails to state valid causes of action upon which relief may be granted against the Answering Defendants.

## Second Affirmative Defense

53.     At all times relevant hereto, the Answering Defendants qualified as a good faith lender for value within the meaning of Section 548(c).  All loan repayments referenced in the Complaint were made in partial satisfaction of valid and pre-existing debts and obligations under comprehensive credit facilities that pre-dated the Divisional Merger.  As such, the existing credit facilities constituted valid and enforceable loan obligations and M2 LoanCo was entitled to payments regardless of which persons or entities held its underlying equity interests.  By virtue of M2 LoanCo's status as a good faith lender for value, all claims against the Answering Defendants should be dismissed.

## Third Affirmative Defense

54.     The claims against the Answering Defendants are barred by the applicable statute of limitations.

## Fourth Affirmative Defense

55.     The claims against the Answering Defendants are barred in whole or in part under principles of waiver and estoppel by virtue of partial performance under the Settlement and the release of the DIP Loan.

13

**Fifth Affirmative Defense**

56.     The claims against the Answering Defendants are subject to offset or recoupment in whole or in part by virtue of partial performance under the Settlement and the release of the DIP Loan.

**Sixth Affirmative Defense**

57.     The Bankruptcy Court lacks continuing jurisdiction over the post-confirmation claims against the Answering Defendants as non-debtors.  While Plaintiffs cite general provisions concerning post-confirmation jurisdiction under the Plan, jurisdiction was not specifically retained against non-debtors to adjudicate claims in the Bankruptcy Court on a post-confirmation basis following termination of the Channeling Injunction.  There is a substantive difference between enforcement of the Settlement and Cure Agreement against the Florida Debtors in the Bankruptcy Court as opposed to retaining jurisdiction over any follow-up litigation after a default is declared against non-debtors.  Due to the absence of a specific reservation, the Bankruptcy Court's post-confirmation jurisdiction does not properly lie against the Claims and Causes of Action asserted against the Answering Defendants.

**Seventh Affirmative Defense**

58.     This Adversary Proceeding is stayed against all Defendants for the reasons stated in the Introduction hereto.

**Eighth Affirmative Defense**

59.     The Complaint fails to plead the fraudulent conveyance claims with particularity against the Answering Defendants as required by Civil Rule 9(b), as made applicable by Bankruptcy Rule 7009, by failing to include detailed and specific allegations to each of the requisite elements under Sections 544(b)(1), 548(b)(a)(1)(A), 548(a)(1)(B) or 550.

14

Respectfully Submitted,

**BRACEWELL LLP**

*/s/ Jason G. Cohen*
Jason G. Cohen
(TX Bar No. 24050435)
Nancy McEvily Davis
(TX Bar No. 24078971)
Walter A. Simons
(TX Bar No. 24098429)
Bracewell LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone:     (713) 223-2300
Email:          jason.cohen@bracewell.com
                nancy.davis@bracewell.com
                walter.simons@bracewell.com

*Co-Counsel to Defendants M2 HoldCo LLC
and M2 LoanCo LLC*

**GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP**

*/s/ Kevin J. Nash.*
Kevin J. Nash
(*pro hac vice motion pending*)
125 Park Avenue, 12th Floor
New York, New York 10017
Telephone:     (212) 221-5700
Email:          knash@gwfglaw.com

*Co-Counsel to Defendants M2 HoldCo LLC
and M2 LoanCo LLC*

15

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was filed on this 3rd day of June 2026, with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

/s/ *Jason G. Cohen*
Jason G. Cohen