ORDERED.

**Dated:  June 10, 2026**

_Luis E. Rivera II_
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                Chapter 11

CHS FL, LLC, *et al.*,[1]                                   Case No. 2:26-bk-01087-FMR
                                                                       *Jointly Administered*

　　　　　　Debtors.

_____/

**ORDER INTERPRETING AND CLARIFYING THE INTERIM ORDER (I)
AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION (A) WAGES,
SALARIES, AND OTHER COMPENSATION, (B) REIMBURSABLE EMPLOYEE
EXPENSES, AND (C) OBLIGATIONS RELATING TO MEDICAL AND OTHER
BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**
**(Related Doc. Nos. 134 & 193)**

THIS CASE came on for hearing June 10, 2026 at 4:00 p.m. Upon the motion [Docket No.

193] (the "**Motion**")[2] of the Debtors for entry of an order (this "**Interim Order**") interpreting and

enforcing the Court's *Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition (A)*

*Wages, Salaries, and Other Compensation, (B) Reimbursable Employee Expenses, and (C)*

*Obligations Relating to Medical and Other Benefits Programs, and (II) Granting Related Relief*

---

[1] The address of the Lead Debtor is 3347 Tamiami Trail E., Naples, FL 34112. The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) CHS TX, Inc. (5886); (iii) CHS AL, LLC (0801); (iv) YesCare Corp. (5961); (v) CHS Care NY, LLC (4573); (vi) Corizon Health of New Mexico, LLC (4760); and (vii) CHS Care TX, LLC (6583).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

111581218.6

(the "**Interim Wage Order**") [Docket No. 134], the Court having reviewed the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that good cause has been shown for entry of this Order; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is

ORDERED:

1.      The Motion is **GRANTED** on the terms and conditions set forth in this Order. Any objections to the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby denied and overruled; *provided, however* that the rights of all parties in interest, including Committee appointed on May 28, 2026, are reserved in all respects on a final basis.

2.      This Order shall be effective upon its entry and not subject to any stay notwithstanding anything to the contrary contained in the Bankruptcy Rules, including Bankruptcy Rule 6004(h).

3.      The Court's interpretation of the Interim Wage Order, as requested in the Motion, is as follows: the Debtors are authorized but not directed to pay wages and compensation to all employees, whether current or former employees, so long as the employees' earnings arose and were earned on or after May 8, 2026.

4.      Pursuant to agreement of the parties, including the Debtors and the Committee, (i) the Debtors will not pay prepetition wages pending entry of a Final Order authorizing such payments, notwithstanding paragraph 7 of the Interim Wages Order and (ii) paragraph 9 of the Interim Wage Order is modified and replaced, in its entirety, with the following:

Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to Bankruptcy Code section 365, or a waiver of the right of the Debtors, a determination that such amounts constitute administrative expenses under 11 U.S.C. § 503 or priority unsecured claims under 11 U.S.C. § 507, a determination that the recipients of such payments are employees of the Debtors, or shall impair the ability of the Debtors, or any other party in interest, as applicable, to contest the validity and amount of any payment made pursuant to this Interim Order and to seek disgorgement, avoidance, claw back, reimbursement, or return of any payment or disbursement.

5.      No counsel shall bear any liability or be subject to any claims based on actions taken to comply with and/or effectuate the terms of this Interim Order.

6.      The Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Attorney Christian Garrett Haman, or the Debtors' proposed noticing agent Omni Agent Solutions, Inc., is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of the order.

111581218.6                                                                 3