UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CHS FL, LLC, *et al.*[1] | Case No. 2:26-bk-01087-FMR<br>*Jointly Administered* |
| Debtors. | |

/

**THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE'S
AMENDED[2] <u>EMERGENCY</u> MOTION TO COMPEL DISCOVERY
<u>FROM CHS EMPLOYEE GROUP LLC</u>
(Related to Doc. Nos. 10, 81, 179, 188, & 216)
EMERGENCY HEARING REQUESTED**

The Statutory Unsecured Claimholders' Committee (the "<u>Committee</u>") of CHS FL, LLC

and its affiliated debtors and debtors-in-possession (the "<u>Debtors</u>") hereby moves, by and through

its undersigned proposed counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure (the

"<u>Federal Rules</u>"), made applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>"), Bankruptcy Rule 9006(c), and Rule 7026 of the Local Rules of the

United States Bankruptcy Court for the Middle District of Florida (the "<u>Local Rules</u>"), for entry

of an Order substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"),

compelling CHS Employee Group LLC ("<u>CHSEG</u>") to comply with the *Subpoena to Testify at a*

*Deposition in a Bankruptcy Case (or Adversary Proceeding)* issued by the Committee to CHSEG

---

[1] The address of the Lead Debtor is 3347 Tamiami Trl E. Naples, FL 34112. The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) CHS TX, Inc. (5886); (iii) CHS AL, LLC (0801); (iv) YesCare Corp. (5961); (v) CHS Care NY, LLC (4573); (vi) Corizon Health of New Mexico, LLC (4760); and (vii) CHS Care TX, LLC (6583).

[2] Amended solely to provide proof of service of this Motion on CHS Employee Group LLC and additional information concerning the Committee's efforts to contact CHSEG to ensure compliance with the Subpoena without this Court's intervention.

on June 8, 2026 (the "Subpoena").  *See* Docket No. 188.  In support of this motion (this "Motion"), the Committee respectfully states as follows:

**LOCAL RULE 7026-1(d) CERTIFICATION**

The undersigned counsel certifies, pursuant to Local Rule 7026-1(d), that the following good faith efforts were made to confer with CHSEG prior to filing this Motion:

*Service of Subpoena*. The undersigned properly served the Subpoena on CHSEG's registered agent on June 9, 2026. To date, CHSEG has failed to respond to the Subpoena in any manner.

*Search for Contact Information*. The undersigned conducted a thorough and comprehensive search for CHSEG's contact information, including, without limitation, any email address, telephone number, or website maintained by CHSEG. Despite these efforts, the undersigned was unable to locate any such information, as CHSEG does not appear to publicly provide contact information.

*Attempts to Identify and Contact Counsel*. The undersigned has been unable to contact counsel for CHSEG, as the Committee is unaware of what counsel, if any, CHSEG may have retained. No counsel has appeared in these cases on CHSEG's behalf, and no party has informed the Committee that CHSEG has obtained counsel.

*Requests to Debtors for Assistance*. Given the common ownership between the Debtors and CHSEG and their status as contract counterparties, the undersigned contacted the Debtors to request that they either accept service on behalf of CHSEG or assist in arranging service on CHSEG. The Debtors refused both requests and have not provided any assistance in ensuring CHSEG's compliance with the Subpoena.

***Service of this Motion***. Prior to filing this Motion, undersigned counsel served CHSEG by both U.S. Mail and overnight mail with next day service at (i) its registered agent office and (ii) its principal place of business.

Accordingly, the undersigned believes he has complied with the Federal Rules, the Bankruptcy Rules, and the Local Rules under the circumstances.

**PRELIMINARY STATEMENT[3]**

1.  With the Evidentiary Hearing set for July 1, 2026, an Objection Deadline of June 22, 2026, and a Discovery Deadline of June 24, 2026, time is of the essence. The Committee now has less than one week to conduct depositions and obtain, review, and analyze documents critical to its fiduciary obligations to unsecured creditors. Given the severe time constraints imposed, the Committee issued the Subpoena on June 8, 2026, seeking to depose a designated representative of CHSEG, as well as production of a limited, targeted set of documents directly relevant to the Cash Collateral and Wages Motions, which should be readily accessible to CHSEG.

2.  Despite being properly served with the Subpoena on the very next day, June 9, 2026, CHSEG has utterly failed to respond to the Subpoena or contact counsel for the Committee. Given the impending deadlines and the material impact the relief sought in the Cash Collateral and Wages Motions will have on unsecured creditors, including the Debtors' stipulation to the validity of liens on millions of dollars of purportedly secured debt and the transfer of millions of dollars out of the estates to pay the wages of individuals who are not even employees of the Debtors, the Committee requires compliance with Subpoena as soon as possible.  Unless the Committee is afforded the opportunity to depose a designated representative of CHSEG and review documents in the possession and control of CHSEG, the Committee will simply not be able to carry out its

---

[3] Capitalized terms used but not defined in this Preliminary Statement shall have the meanings ascribed to them in this Motion.

3

statutory obligations owed to unsecured creditors and the value of the Debtors' estates may be seriously diminished as a result.  Accordingly, the Court should grant this Motion and compel CHSEG to comply with Subpoena by no later than June 23, 2026.

### BACKGROUND

3.      On May 8, 2026 and May 13, 2026, as applicable, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On May 8, 2026, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to Pay Certain Prepetition (A) Wages, Salaries, and Other Compensation, (B) Reimbursable Employee Expenses, and (C) Obligations Relating to Medical and Other Benefits Programs, and (II) Granting Related Relief* [Docket No. 10] (the "Wages Motion").  The Wages Motion provides, among other things, that "the Debtors do not directly employ any employees, rather the Debtors lease their employees from a non-Debtor affiliate, CHS Employee Group LLC." Wages Motion ¶ 8.

5.      On May 19, 2026, the Debtors filed the *Debtors' Expedited Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 81] (the "Cash Collateral Motion").

6.      On May 28, 2026, the Court entered the *Interim Order (I) Authorizing Debtor to Pay Certain Prepetition (A) Wages, Salaries, and Other Compensation, (B) Reimbursable Employee Expenses, and (C) Obligations Relating to Medical and Other Benefits Programs, and*

*(II) Granting Related Relief* [Docket No. 134] (the "Interim Wages Order") granting certain relief requested in the Wages Motion on an interim basis.

7.    On May, 28, 2026, the United States Trustee for Region 21 appointed the Committee.  *See* Docket No. 137.

8.    On June 2, 2026, the Court entered the *Stipulation and Order Authorizing Interim Use of Cash Collateral and Grant of Adequate Protection* [Docket No. 150] (the "Interim Cash Collateral Order"), granting certain relief requested in the Cash Collateral Motion on an interim basis.

9.    On June 3, 2026, the Court held a hearing on, among other things, the Wages Motion and the Cash Collateral Motion.

10.    On June 8, 2026, the Court entered the *Scheduling Order Continuing Hearings and Setting Related Deadlines* [Docket No. 179] (the "Scheduling Order"), scheduling an evidentiary hearing on July 1, 2026, on the Cash Collateral Motion and Wages Motion (the "Evidentiary Hearing").  Further, the Scheduling Order establishes June 22, 2026, as the date by which parties must file objections to the relief sought, on a final basis, in the Cash Collateral Motion and Wages Motion (the "Objection Deadline").

11.    Also on June 8, 2026, the Committee issued the Subpoena to CHSEG requesting to depose a designated representative of CHSEG on the topics identified in Schedule A to the Subpoena and production of the documents identified on Schedule B to the Subpoena.  Given the expedited timelines set by the Scheduling Order, the Committee requested compliance with the Subpoena by no later than June 15, 2026 at 10:00 a.m. (ET) (the "Subpoena Response Deadline").  Following the issuance of the Subpoena, the Committee requested that the Debtors accept service on behalf of

CHSEG, or assist in arranging service on CHSEG, given their common ownership with CHSEG and status as contract counterparties with CHSEG.  *See* **Exhibit B**.

12.     On June 9, 2026, the Subpoena was properly served on CHSEG's registered agent. *See* **Exhibit C**.

13.     On June 11, 2026, the Debtors informed the Committee that they would not accept service on behalf of CHSEG and have not provided the Committee with any assistance in ensuring CHSEG's compliance with the Subpoena.  *See* **Exhibit D**.

14.     On June 12, 2026, the Court entered the *Order Scheduling Trial* [Docket No. 216] (the "Trial Scheduling Order"), setting, among other deadlines, June 24, 2026 as the deadline for parties to conduct discovery related to the Evidentiary Hearing (the "Discovery Deadline").

15.     The Committee did not receive a response from CHSEG prior to the Subpoena Response Deadline and, as of the date hereof, the Committee has not received any contact from a representative, agent, or employee of CHSEG, whatsoever.

## RELIEF REQUESTED

16.     By this Motion, the Committee requests that the Court enter the Proposed Order compelling CHSEG to comply with the Subpoena by having a designated representative sit for a deposition and by having CHSEG produce documents responsive to the requests in the Subpoena, by no later than June 23, 2026.

## BASIS FOR RELIEF REQUESTED

17.     Under Federal Rule 37(a)(3)(B), a party may move to compel a discovery response where "a corporation or other entity fails to make a designation under Rule 30(b)(6)" and where a "party fails to produce documents."  Fed. R. Civ. P. 37(a)(3)(B)(ii), (iv).  This Court "retains broad discretion when deciding to compel or deny discovery."  *Rossi v. Billmyre*, No. 215CV180FTM29MRM, 2017 WL 10186581, at *1 (M.D. Fla. Nov. 14, 2017).  Critically, "[t]he

court may enter an order compelling discovery when a party fails to respond or make objections to discovery requests." *U.S. v. Arnao*, No: 8:16-cv-2553-T-30JSS, 2017 WL 1251582, at *1 (M.D. Fla. Apr. 5, 2017).

18.    This Court should exercise its broad discretion to compel CHSEG to comply with the Subpoena by (i) making available to the Committee a corporate designee for a deposition and (ii) producing all documents within their possession or control responsive to the document requests affixed to the Subpoena.  If CHSEG is not compelled to comply with the Subpoena, the Committee will be greatly prejudiced as it will not be able to review the full breadth of evidence in connection with the matters set for trial prior to the Evidentiary Hearing.  If the Committee is not able to conduct discovery on CHSEG, the Committee will not be able to fully and fairly investigate and/or contest the relief sought in connection with, among other things, the Cash Collateral and Wages Motions, which seek relief that could materially impact the value of the estates.  It is the Committee's statutory mandate to investigate such matters on behalf unsecured creditors; however, it cannot properly fulfill its duties where parties like CHSEG flout discovery requests and this Court's authority.  The upcoming Objection and Discovery Deadlines make these considerations especially critical.

19.    Additionally, CHSEG's utter failure to even respond to the Subpoena provides further grounds for granting this Motion.  Courts routinely compel discovery where parties openly disregard discovery requests and fail to timely object to the requests contained therein.  *See, e.g., Pollock v. Move4all, Inc.*, No. 6:19-CV-130-GAP-DCI, 2021 WL 8201485, at *1 (M.D. Fla. May 10, 2021) (granting motion to compel where party failed to timely respond to discovery request); *Villegas v. BP Expl. & Prod. Inc.,* No. 18-14491-CIV, 2019 WL 13233585, at *2 (S.D. Fla. Apr. 24, 2019) (granting motion to compel where party failed to timely respond to discovery request

and stating that "failing to respond without explanation is unacceptable."). Accordingly, for the reasons set forth herein, the Court should grant the Motion and enter the Proposed Order compelling CHSEG to comply with the Subpoena by no later than June 23, 2026.

**WHEREFORE**, the Committee respectfully requests that this Court enter the Proposed Order: (i) granting this Motion; (ii) compelling CHSEG to comply with the Subpoena on or before June 23, 2026; and (iii) granting such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated:   June 19, 2026          **COLE SCHOTZ P.C.**
        Miami, Florida

                             */s/ Luis Salazar*
                             Luis Salazar, Esq. (Florida Bar No. 147788)
                             Justin R. Alberto, Esq. (admitted *pro hac vice*)
                             Sarah A. Carnes, Esq. (admitted *pro hac vice*)
                             2121 SW 3rd Avenue, Suite 200
                             Miami, FL 33129
                             Telephone: (305) 374-4848
                             lsalazar@coleschotz.com
                             jalberto@coleschotz.com
                             scarnes@coleschotz.com

- and -

**PROSKAUER ROSE LLP**

Brian Rosen, Esq. (admitted *pro hac vice*)
Ehud Barak, Esq. (admitted *pro hac vice*)
Daniel Desatnik, Esq. (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
brosen@proskauer.com
ebarak@proskauer.com
ddesatnik@proskauer.com

- and -

Paul Possinger, Esq. (admitted *pro hac vice*)
Jordan Sazant, Esq. (admitted *pro hac vice*)
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
ppossinger@proskauer.com
jsazant@proskauer.com

*Proposed Counsel to the Statutory Unsecured Claimholders' Committee to CHS FL, LLC, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, June 19, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in this case and parties in interest registered to receive notices via transmission of Notices of Electronic Filing generated by CM/ECF.  I further certify that the foregoing document was served via first class mail, postage-prepaid and Federal Express, overnight delivery, on the following:

CHS Employee Group LLC
c/o CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324

CHS Employee Group LLC
c/o Alan Rubenstein, Managing Member
205 Powell Place, Suite 104
Brentwood, TN 37027


*/s/     Luis Salazar*_____
            Luis Salazar

# EXHIBIT A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                               Chapter 11

CHS FL, LLC, *et al.*[1]                              Case No. 2:26-bk-01087-FMR
                                                     *Jointly Administered*

                Debtors.
_____ /

**ORDER GRANTING THE STATUTORY UNSECURED CLAIMHOLDERS'
COMMITTEE'S AMENDED <u>EMERGENCY</u> MOTION TO COMPEL
<u>DISCOVERY FROM CHS EMPLOYEE GROUP LLC</u>**

Upon consideration of *The Statutory Unsecured Claimholders' Committee's Amended*

*Emergency Motion to Compel Discovery from CHS Employee Group LLC* (the "<u>Motion</u>")[2] pursuant

to Federal Rule 37, Bankruptcy Rules 7037 and 9006(c), and Local Rule 7026-1, seeking entry of

an Order compelling CHS Employee Group LLC to comply with the Subpoena; and all pleadings

---

[1] The address of the Lead Debtor is 3347 Tamiami Trl E. Naples, FL 34112. The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) CHS TX, Inc. (5886); (iii) CHS AL, LLC (0801); (iv) YesCare Corp. (5961); (v) CHS Care NY, LLC (4573); (vi) Corizon Health of New Mexico, LLC (4760); and (vii) CHS Care TX, LLC (6583).

[2] Capitalized terms used in this Order shall have the meanings ascribed to them in the Motion.

related thereto; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Committee having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances, and no further notice needing be provided; and the Court having reviewed the Motion and having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby

**ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. CHS Employee Group LLC shall make available to the Committee a corporate designee to sit for a deposition concerning the topics identified in Schedule A to the Subpoena at 10:00 a.m. (ET) on June 23, 2026.

3. CHS Employee Group LLC shall produce all documents in its possession or control that are responsive to the requests identified in Schedule B of the Subpoena by no later than 9:00 a.m. (ET) on June 23, 2026.

4. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

###

Attorney Luis Salazar is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

2

# EXHIBIT B



2121 SW 3rd Avenue, Suite 200
Miami, FL 33129
305.374.4848   305.503.6976  fax
—
New Jersey
—
New York
—
Delaware
—
Maryland
—
Texas
—
Washington, DC

**COLE SCHOTZ** P.C.

Luis Salazar
Member
Admitted in FL, NJ, and NY

Reply to Florida Office
Writer's Direct Line: 305.374.4802
Writer's E-Mail: LSalazar@coleschotz.com

June 8, 2026

**VIA EMAIL**
Jeremy R. Johnson, Esq.
Polsinelli PC
600 Third Avenue, 42nd Floor
New York, NY 10016
jeremy.johnson@polsinelli.com

Trinitee G. Green, Esq.
Polsinelli PC
4020 Maple Avenue, Suite 300
Dallas, TX 75219
tggreen@polsinelli.com

> **Re:** **In re: CHS FL, LLC, *et al.*, No. 2:26-bk-01087-FMR (Bankr. M.D. Fla.) Committee's Subpoena to Testify at a Deposition in a Bankruptcy Case to CHS Employee Group LLC**

Dear Counsel:

As you know, this firm represents the Statutory Unsecured Claimholders' Committee (the "Committee") in the above-referenced matter. Enclosed is the Committee's Subpoena to Testify at a Deposition in a Bankruptcy Case (the "Subpoena") to CHS Employee Group LLC ("CHS Group"). These requests are made in furtherance of the Committee's fiduciary duties to general unsecured creditors and in connection with the relief requested in the matters scheduled for hearing on July 1, 2026 at 2:00 p.m. (ET).  The Committee is in the process of serving the Subpoena on CHS Group, however, given that CHS Group is an affiliate of the Debtors, the Committee requests that you confirm whether the Debtors will accept or arrange service on behalf of CHS Group.  The Committee reserves all rights to seek additional documents and information from CHS Group.

Given the impending June 22, 2026 objection deadline for the relief scheduled for hearing on July 1, 2026 at 2:00 p.m. (ET), **the Committee requires the production of all requested documents and information on a rolling basis, with final production to be made, and that the designated representative of CHS Group sit for a deposition by, no later than June 15, 2026**.



COLE SCHOTZ P.C.

Jeremy R. Johnson, Esq.
Trinitee G. Green, Esq.
June 8, 2026
Page 2

 Please confirm by return correspondence whether the Debtors will accept service on behalf of CHS Group and if so, whether CHS Group agrees to this discovery schedule.  If you have any questions, we are available to meet and confer.

Very truly yours,

*/s/ Luis Salazar*

Luis Salazar

LS:amls

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of _____Florida_____

In re CHS FL, LLC, et al.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ____26-01087-FMR____

Chapter ____11____

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

### SUBPOENA TO TESTIFY AT A DEPOSITION
### IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: CHS Employee Group LLC, (c/o C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FLORIDA 33324)
*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE: <br><br> Video Conference | DATE AND TIME <br><br> June 15, 2026 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:

Stenography.

■ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule B

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____06/08/26____

CLERK OF COURT

OR

_____    /s/ Luis Salazar
_____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
The Statutory Unsecured Claimholders' Committee , who issues or requests this subpoena, are:

Luis Salazar, Esq., Cole Schotz P.C., 2121 SW 3rd Avenue, #200, Miami, FL 33129, lsalazar@coleschotz.com, 305-374-4848

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:

on *(date)*                    .

☑ I served the subpoena by delivering a copy to the named person as follows:

on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $              _____ .

My fees are $              for travel and $              for services, for a total of $              .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                       Chapter 11

CHS FL, LLC, *et al.*[1]                                      Case No. 2:26-bk-01087-FMR
                                                             *Jointly Administered*

       Debtors.

_____ /

**THE STATUTORY UNSECURED CLAIMHOLDERS'
COMMITTEE'S NOTICE OF TAKING DEPOSITION
*DUCES TECUM* OF CHS EMPLOYEE GROUP LLC**

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, as made

applicable by Rule 7030 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Bankruptcy Rule 9014, and Rule 7030-1 of the Local Rules of the United States

Bankruptcy Court for the Middle District of Florida (the "Local Rules"), the Statutory Unsecured

Claimholders' Committee (the "Committee") of CHS FL, LLC, *et al.* (the "Debtors") will

examine, under oath, the following individual and/or entity (the "Deponent"), at the following

date, time, and location as specified below.

| **Person** | **Location** | **Date & Time** |
|---|---|---|
| The designated Corporate Representative of CHS Employee Group LLC (the "Designated Representative"), with the most knowledge concerning the topics and matters set forth in the attached **Schedule A**. | Video Conference via Zoom Video Communications, Inc. | June 15, 2026, at 10:00 a.m. (ET), or at another time mutually agreed upon by the parties |

---

[1]    The address of the Lead Debtor is 3347 Tamiami Trl E. Naples, FL 34112.  The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) CHS TX, Inc. (5886); (iii) CHS AL, LLC (0801); (iv) YesCare Corp. (5961); (v) CHS Care NY, LLC (4573); (vi) Corizon Health of New Mexico, LLC (4760); and (vii) CHS Care TX, LLC (6583).

The deposition will take place via video conference, which will require all participants to have access to an internet connection and a computer with a webcam.  The Deponent will be provided with access information prior to the commencement of the deposition.  The deposition will be recorded by video and stenographic means by a certified court reporter, Notary Public for the State of Florida at large, or some other person or officer authorized to record the testimony. The deposition will continue until completed or adjourned.

The deposition will be taken for purposes of discovery, preservation of testimony, for use at trial, and any other purposes permitted by the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Federal Rules of Evidence, the Local Rules, or other applicable law.  Any objection must be heard prior to the taking of the deposition.  The Committee reserves the right to seek relief in the event the Designated Representative is not properly prepared to testify on the topics and matters set forth in the attached **Schedule A**, or the Deponent fails to produce the documents set forth on **Schedule B**.

The Committee reserves its right to issue other or further notices of deposition or serve additional discovery on the Deponent.

Dated:  June 8, 2026              **COLE SCHOTZ P.C.**
        Miami, Florida

                                 */s/ Luis Salazar*
                                 Luis Salazar, Esq. (Florida Bar No. 147788)
                                 Justin R. Alberto, Esq. (*pro hac vice* pending)
                                 Sarah A. Carnes, Esq. (*pro hac vice* pending)
                                 2121 SW 3rd Avenue, Suite 200
                                 Miami, FL 33129
                                 Telephone: (305) 374-4848
                                 lsalazar@coleschotz.com
                                 jalberto@coleschotz.com
                                 scarnes@coleschotz.com

                                 *-and-*

                                 **PROSKAUER ROSE LLP**

                                 Brian Rosen, Esq. (*pro hac vice* pending)
                                 Ehud Barak, Esq. (*pro hac vice* pending)
                                 Daniel Desatnik, Esq. (*pro hac vice* pending)
                                 Eleven Times Square
                                 New York, NY 10036
                                 Telephone: (212) 969-3000
                                 brosen@proskauer.com
                                 ebarak@proskauer.com
                                 ddesatnik@proskauer.com

                                 *-and-*

                                 Paul Possinger, Esq. (*pro hac vice* pending)
                                 Jordan Sazant, Esq. (*pro hac vice* pending)
                                 70 West Madison, Suite 3800
                                 Chicago, IL 60602
                                 Telephone: (312) 962-3550
                                 ppossinger@proskauer.com
                                 jsazant@proskauer.com

                                 *Proposed Counsel to the Statutory Unsecured*
                                 *Claimholders' Committee to CHS FL, LLC, et al.*

3

**SCHEDULE A**

In accordance with Federal Rule of Civil Procedure 30(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7030 and 9014(c), the Committee designates the matters identified below for examination.  In construing these topics, the following shall apply:

## I.    DEFINITIONS.

1.      The term "Communication" means any transmission of information by oral, graphic, written, pictorial or other perceptible means, including but not limited to, telephone conversations, letters, documents, memoranda, notes, telegrams, facsimile, transmissions, electronic mail, meetings and personal conversations.

2.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3.      The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations; provided, however, this term expressly excludes electronic mail, text messages, and other similar transmissions.  This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

4.      When referring to a natural person, "to identify" means to give, to the extent known, the person's full name, present or last known address and telephone number, and the person's present or last known place of employment.

5.      When referring to an entity other than a natural person, to "identify" means to give, to the extent known, the entity's full name, last known address and telephone number, date it was

organized, jurisdiction under which it was organized or incorporated, or, in the case of any entity other than a corporation, state the type of organization, the names of its members, and the date and place of its organization.

6.     When referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

7.     The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

9.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.    The use of the singular form of any word includes the plural and vice versa.

11.    "3C" shall mean West Kentucky Correctional Healthcare, LLC, d/b/a Comprehensive Correctional Care and any of its Affiliates or related entities.

12.    The term "Affiliate" or "Affiliates" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

13.    "Armor" shall mean Armor Correctional Health Services, Inc. and any of its Affiliates or related entities.

14.    "Board Materials" shall mean and refer to Documents (including drafts) created by or for, or provided to or considered by, the Board or any other similar governance body.

15.    "Budget" shall have the meaning ascribed to it in the Stipulation.

5

16. "Chapter 11 Cases" shall mean and refer to the jointly administered chapter 11 cases pending before the United States Bankruptcy Court, Middle District of Florida, Fort Myers Division, captioned *In re CHS FL, LLC, et al.*, No. 2:26-bk-01087-FMR.

17. "CFG Health" means CFG Health Systems, L.L.C. and any and all of its Affiliates and related entities.

18. "CHS Group" shall mean CHS Employee Group LLC.

19. "Contractors" shall mean the 17 independent contractors and 1 subcontractor referenced in the Wages Motion at paragraph 22.

20. "Debtors" shall mean and refer to (i) CHS FL, LLC; (ii) CHS TX, Inc.; (iii) CHS AL, LLC; (iv) YesCare Corp.; (v) CHS Care NY, LLC; (vi) Corizon Health of New Mexico, LLC; and (vii) CHS Care TX, LLC, the debtors and debtors-in-possession in the Chapter 11 Cases.

21. "Employees" shall have the meaning ascribed to it in the Wages Motion.

22. The term "Insider" or "Insiders" shall have the meaning ascribed to the term "Insider" under 11 U.S.C. § 101(31), and includes, without limitation, Yitzchok Lefkowitz a/k/a Isaac Lefkowitz, Joel Landau, David Gefner, Frank Jeffrey Sholey, Jeffrey Scott King, Sara Ann Tirschwell, Ayodeji Olawale Ladele a/k/a Gregory Ladele, Beverly Michelle Rice, James T. Sprouse, Jr., Alan Rubenstein, Michael Hagney, Zalman Schapiro, David Harrington, Brandon E. De Julius, Mary Silva, Latasha McMillan, and Elmeada Frias.

23. "Leased Employees" shall mean, collectively, all Employees, Temporary Workers, and Contractors.

24. "Lefkowitz" shall mean Yitzchok Lefkowitz a/k/a Isaac Lefkowitz.

25. "Legacy Corizon Entities" shall mean M2 HoldCo, LLC; M2 LoanCo, LLC; M2 EquityCo, LLC; Valitas Intermediate Holdings, Inc.; M2 PharmaCorr Equity Holdings, LLC;

6

Valitas Health Services, Inc.; Corizon Health, Inc.; Corizon, LLC; Corizon Health of New Jersey, LLC; Pharmacorr/M2, LLC; Pharmacorr Holdings, LLC; Pharmacorr, LLC; and Endeavor Distribution, LLC.

26. "NaphCare" shall mean NaphCare Operating LLC, NaphCare Alabama Prisons LLC, and any of their Affiliates or related entities.

27. "Non-Debtors" shall mean any Affiliates, parents, successors, owners, assigns, and predecessors of the Debtors, including, without limitation, the Legacy Corizon Entities and Other Affiliate Entities.

28. "Other Affiliate Entities" shall mean Correct Health Services, LLC; TN Correct Health Services LLC; Geneva Consulting LLC; Geneva Consultings LLC; CHS Employee Group LLC; United Staffing; CHS Staffing, LLC; CHS PA, LLC; CHS MA, LLC; Corizon, LLC; YesCare Holdings LLC; CHS GA, LLC; CHS AZ, LLC; CHS IN, LLC; CHS MO, LLC; CHS KS, LLC; CHS NH, LLC; CHS New Jersey; CHS TN, LLC; YesCare AR, LLC; CHS IL, LLC; CHS MN, LLC; CHS VA, LLC; M2 LoanCo; M2 HoldCo, LLC; M2 EquityCo, LLC; SIGMA Risk Management, LLC; CFG Health Systems, LLC; CFG Medical Services PA, PLLC; Geneva Health P.A.; Pinta Capital; Perigrove LLC; Perigrove 1018, LLC; Adar Management, LLC; and any Affiliates, parents, successors, owners, assigns, and predecessors of any of the Debtor or Non-Debtor entities identified herein, including any entities Lefkowitz or any other Insider is a director or officer of, or directly or indirectly owns and/or controls.

29. "Petition Date" shall mean May 8, 2026 with respect to CHS FL, LLC, YesCare Corp., CHS TX, Inc., and CHS AL, LLC and May 13, 2026 with respect to CHS Care NY, LLC; Corizon Health of New Mexico, LLC; and CHS Care TX, LLC.

30. "Staffing Agencies" shall have the meaning ascribed to it in the Wages Motion.

7

31.     "Stipulation" shall mean the *Stipulation and Order Authorizing Interim Use of Cash Collateral and Grant of Adequate Protection* filed at docket no. 81-1 in the Chapter 11 Cases.

32.     "TN Services" shall mean TN Correct Health Services, LLC.

33.     "Temporary Workers" shall have the meaning ascribed to it in the Wages Motion.

34.     "Wages Motion" means the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to Pay Certain Prepetition (A) Wages, Salaries, and Other Compensation, (B) Reimbursable Employee Expenses, and (C) Obligations Relating to Medical and Other Benefits Programs, and (II) Granting Related Relief* filed at docket no. 10 in the Chapter 11 Cases.

## II.     INSTRUCTIONS.

1.     Pursuant to Federal Rule 30(b)(6), made applicable in these proceedings by Bankruptcy Rule 7030, You are directed to testify on Your behalf about information known or reasonably available to You regarding the below topics.

2.     You shall set forth, for each person designated, the matters on which the person will testify.

3.     The person(s) so designated shall testify as to information known or reasonably available to You regarding the below topics.

## III.     AREAS OF INQUIRY.

The Deponent shall be prepared to address the following areas of inquiry:

1.     All facts and Documents concerning agreements by and between the Debtors and CHS Group, including, without limitation, any employee leasing agreements, staffing agreements, management services agreements, or similar contracts or arrangements.

8

2.      All facts and Documents concerning agreements by and between CHS Group and any Non-Debtors, CFG Health, or any other party, related to the Leased Employees.

3.      All facts and Documents concerning the aggregate prepetition amounts owed by the Debtors to CHS Group as of the Petition Date.

4.      All facts and Documents concerning all direct and indirect equity holders of CHS Group.

5.      All facts and Documents concerning the current and historical corporate organizational structure of CHS Group and its Affiliates, including without limitation, the Debtors, TN Services, and any Staffing Agencies.

6.      All facts, Documents, and Communications concerning any organizational changes or proposed organizational changes.

7.      All facts and Documents concerning all current and former individual directors, officers, and executives of CHS Group and its Affiliates, including without limitation, their affiliation to any of the Non-Debtors, whether historically or currently, including such persons' (i) title at CHS Group (or its Affiliates), (ii) tenure at CHS Group (or its Affiliates), (iii) name of the corresponding Non-Debtor(s), and (iv) role at the corresponding Non-Debtors.

8.      All facts and Documents concerning (i) the current assets and liabilities of CHS Group and (ii) the aggregate amount of cash held in any bank accounts maintained by CHS Group.

9.      All facts and Documents concerning the flow of funds from the Debtors, Non-Debtors, CFG Health, or any other entity to CHS Group and then to the Leased Employees, including any invoices, payment schedules, or funding agreements.

10.     All facts and Documents concerning bank accounts owned or controlled by CHS Group.

11. All facts and Documents concerning transfers made by CHS Group to, or on behalf of, any Non-Debtors, CFG Health, or other entity, related to the Leased Employees.

12. All facts and Documents concerning each Leased Employee's (i) name; (ii) title; (iii) role; (iv) assigned facility; (v) agreements related to providing services to the Debtors; and (vi) amount owed for providing services to the Debtor prior to the Petition Date.

13. All facts and Documents concerning any Leased Employees' status as an Insider of the Debtors.

14. All facts and Documents concerning the direction and supervision of the Leased Employees' day-to-day activities.

15. All facts and Documents concerning the services provided by the Leased Employees to the Debtors prior to the Petition Date and/or following the Petition Date.

16. All facts and Documents concerning the services provided by the Leased Employees to any Non-Debtors, Insiders of the Debtors, or CFG Health prior to the Petition Date and/or following the Petition Date.

17. All facts and Documents concerning the amount and recipients of payments proposed to be made by CHS Group to any Leased Employees for services rendered following the Petition Date, including, without limitation, those to paid pursuant to the Budget, or any other budget filed in connection with a debtor-in-possession financing motion or motion to use cash collateral filed in the Chapter 11 Cases.

18. All facts and Communications between, among, or involving CHS Group officers, directors, executives, or other stakeholders related to any agreements with the Debtors, Non-Debtors, CFG Health, and/or NaphCare pertaining to the Leased Employees, including without limitation any negotiation of contract terms.

19.    All facts and Communications between, among, or involving CHS Group officers, directors, executives, or other stakeholders related to contracts previously or currently held by Debtor entities including, without limitation, the transition of those contracts to other entities including without limitation the Non-Debtors, CFG Health, and NaphCare.

20.    To the extent not captured above, all facts and Communications between, among, or involving CHS Group officers, directors, executives, or other stakeholders with any entities that currently hold contracts once held by the Debtors, including, without limitation, CFG Health, NaphCare, Wellpath, 3C, or Armor.

21.    All facts and Documents concerning audited or unaudited annual financial statements, or monthly financial statements of CHS Group.

22.    All facts and Documents concerning federal and state tax returns of CHS Group.

23.    All facts and Documents concerning Board Materials, including minutes, resolutions (and all related schedules), reports, analyses, and presentations related to the Leased Employees.

**SCHEDULE B**

Pursuant to Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, Rule 45 of the Federal Rules of Civil Procedure, and Rule 9016-1 of the Local Bankruptcy Rules of the Middle District of Florida, the Statutory Unsecured Claimholders' Committee of CHS FL, *et al.*, by and through its undersigned proposed counsel, requests that CHS Employee Group LLC produce legible copies of the documents and information requested herein to Cole Schotz P.C., 2121 SW 3rd Avenue, Suite 200 Miami, FL 33129, Attn.: Luis Salazar, Esq., lsalazar@coleschotz.com.

**DEFINITIONS[2]**

1.      The term "Communication" means any transmission of information by oral, graphic, written, pictorial or other perceptible means, including but not limited to, telephone conversations, letters, documents, memoranda, notes, telegrams, facsimile, transmissions, electronic mail, meetings and personal conversations.

2.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3.      The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations; provided, however, this term expressly excludes electronic mail, text messages, and other similar transmissions. This includes documents stored in any medium from which information can be

---

[2]    Capitalized terms used but not defined in these definitions shall have the meanings ascribed to them later in these definitions.

obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

4.      When referring to a natural person, "to identify" means to give, to the extent known, the person's full name, present or last known address and telephone number, and the person's present or last known place of employment.

5.      When referring to an entity other than a natural person, to "identify" means to give, to the extent known, the entity's full name, last known address and telephone number, date it was organized, jurisdiction under which it was organized or incorporated, or, in the case of any entity other than a corporation, state the type of organization, the names of its members, and the date and place of its organization.

6.      When referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

7.      The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

9.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.     The use of the singular form of any word includes the plural and vice versa.

11.     "3C" shall mean West Kentucky Correctional Healthcare, LLC, d/b/a Comprehensive Correctional Care and any of its Affiliates or related entities.

13

12. The term "Affiliate" or "Affiliates" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

13. "Armor" shall mean Armor Correctional Health Services, Inc. and any of its Affiliates or related entities.

14. "Board Materials" shall mean and refer to Documents (including drafts) created by or for, or provided to or considered by, the Board or any other similar governance body.

15. "Budget" shall have the meaning ascribed to it in the Stipulation.

16. "Chapter 11 Cases" shall mean and refer to the jointly administered chapter 11 cases pending before the United States Bankruptcy Court, Middle District of Florida, Fort Myers Division, captioned *In re CHS FL, LLC, et al.*, No. 2:26-bk-01087-FMR.

17. "CFG Health" means CFG Health Systems, L.L.C. and any and all of its Affiliates and related entities.

18. "CHS Group" shall mean CHS Employee Group LLC.

19. "Contractors" shall mean the 17 independent contractors and 1 subcontractor referenced in the Wages Motion at paragraph 22.

20. "Debtors" shall mean and refer to (i) CHS FL, LLC; (ii) CHS TX, Inc.; (iii) CHS AL, LLC; (iv) YesCare Corp.; (v) CHS Care NY, LLC; (vi) Corizon Health of New Mexico, LLC; and (vii) CHS Care TX, LLC, the debtors and debtors-in-possession in the Chapter 11 Cases.

21. "Employees" shall have the meaning ascribed to it in the Wages Motion.

22. The term "Insider" or "Insiders" shall have the meaning ascribed to the term "Insider" under 11 U.S.C. § 101(31), and includes, without limitation, Yitzchok Lefkowitz a/k/a Isaac Lefkowitz, Joel Landau, David Gefner, Frank Jeffrey Sholey, Jeffrey Scott King, Sara Ann Tirschwell, Ayodeji Olawale Ladele a/k/a Gregory Ladele, Beverly Michelle Rice, James T.

14

Sprouse, Jr., Alan Rubenstein, Michael Hagney, Zalman Schapiro, David Harrington, Brandon E. De Julius, Mary Silva, Latasha McMillan, and Elmeada Frias.

23.     "Leased Employees" shall mean, collectively, all Employees, Temporary Workers, and Contractors.

24.     "Lefkowitz" shall mean Yitzchok Lefkowitz a/k/a Isaac Lefkowitz.

25.     "Legacy Corizon Entities" shall mean M2 HoldCo, LLC; M2 LoanCo, LLC; M2 EquityCo, LLC; Valitas Intermediate Holdings, Inc.; M2 PharmaCorr Equity Holdings, LLC; Valitas Health Services, Inc.; Corizon Health, Inc.; Corizon, LLC; Corizon Health of New Jersey, LLC; Pharmacorr/M2, LLC; Pharmacorr Holdings, LLC; Pharmacorr, LLC; and Endeavor Distribution, LLC.

26.     "NaphCare" shall mean NaphCare Operating LLC, NaphCare Alabama Prisons LLC, and any of their Affiliates or related entities.

27.     "Non-Debtors" shall mean any Affiliates, parents, successors, owners, assigns, and predecessors of the Debtors, including, without limitation, the Legacy Corizon Entities and Other Affiliate Entities.

28.     "Other Affiliate Entities" shall mean Correct Health Services, LLC; TN Correct Health Services LLC; Geneva Consulting LLC; Geneva Consultings LLC; CHS Employee Group LLC; United Staffing; CHS Staffing, LLC; CHS PA, LLC; CHS MA, LLC; Corizon, LLC; YesCare Holdings LLC; CHS GA, LLC; CHS AZ, LLC; CHS IN, LLC; CHS MO, LLC; CHS KS, LLC; CHS NH, LLC; CHS New Jersey; CHS TN, LLC; YesCare AR, LLC; CHS IL, LLC; CHS MN, LLC; CHS VA, LLC; M2 LoanCo; M2 HoldCo, LLC; M2 EquityCo, LLC; SIGMA Risk Management, LLC; CFG Health Systems, LLC; CFG Medical Services PA, PLLC; Geneva Health P.A.; Pinta Capital; Perigrove LLC; Perigrove 1018, LLC; Adar Management, LLC; and

15

any Affiliates, parents, successors, owners, assigns, and predecessors of any of the Debtor or Non-Debtor entities identified herein, including any entities Lefkowitz or any other Insider is a director or officer of, or directly or indirectly owns and/or controls.

29.     "Petition Date" shall mean May 8, 2026 with respect to CHS FL, LLC, YesCare Corp., CHS TX, Inc., and CHS AL, LLC and May 13, 2026 with respect to CHS Care NY, LLC; Corizon Health of New Mexico, LLC; and CHS Care TX, LLC.

30.     "Staffing Agencies" shall have the meaning ascribed to it in the Wages Motion.

31.     "Stipulation" shall mean the *Stipulation and Order Authorizing Interim Use of Cash Collateral and Grant of Adequate Protection* filed at docket no. 81-1 in the Chapter 11 Cases.

32.     "TN Services" shall mean TN Correct Health Services, LLC.

33.     "Temporary Workers" shall have the meaning ascribed to it in the Wages Motion.

34.     "Wages Motion" means the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to Pay Certain Prepetition (A) Wages, Salaries, and Other Compensation, (B) Reimbursable Employee Expenses, and (C) Obligations Relating to Medical and Other Benefits Programs, and (II) Granting Related Relief* filed at docket no. 10 in the Chapter 11 Cases.

## <u>INSTRUCTIONS</u>

You are requested to produce all communications, documents and information requested herein that are within your possession, custody, or control or in the possession, custody, or control of your officers, directors, agents, employees, representatives, affiliated or associated companies, or any other person or entity acting or purporting to act on your behalf.

1.      Electronically stored information is to be produced in native format unless otherwise agreed between counsel or unless such information could not be retrieved or accessed with the use of commonly used commercial off-the-shelf software, in which event counsel is requested to contact the undersigned to discuss the form of production.  In addition, it is requested that all electronically stored information be produced as .TIFF images with Relativity/Concordance load files (.DAT and .OPT) and searchable text (*i.e.*, OCR).

2.      If the response to any production request consists, in whole or in part, of an objection on the basis of or including burdensomeness, then provide those documents that can be produced without undue burden.  For such documents that are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

3.      Pursuant to Fed. R. Civ. P. 26(b)(5)(A), if you assert a claim of privilege in responding or objecting to any production request, you must identify the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked.  If you withhold otherwise discoverable documents by claiming that the documents are privileged, you must describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

4.      If your response to any production request is any other objection, you must indicate if information is being withheld based on the objection(s), provide all information not covered by the objection, and state the specific basis of the objection.

5.      If any document or communication responsive to these production requests has been destroyed, state when the document or communication was destroyed, identify the person who destroyed the document or communication, and the person who directed that it be destroyed. Additionally, detail the reasons for the destruction, describe the nature of the document or communication, identify the persons who created, sent, received, or reviewed the document or communication, and state in as much detail as possible the contents of the document.

6.      Documents and communications should be segregated according to the number of the request to which you are responding or produced in the manner they are kept in the ordinary course of business.

7.      To the extent there is no time period set forth in a specific request, there shall be no time limitation for such request.

8.      Pursuant to Fed. R. Civ. P. 26(e)(1), you must supplement or correct your responses to these requests in a timely manner if you learn that in some material respect the disclosure or response is incomplete or incorrect.

## REQUESTS FOR PRODUCTION

1.      All agreements by and between the Debtors and CHS Group, including, without limitation, any employee leasing agreements, staffing agreements, management services agreements, or similar contracts or arrangements.

2.      All agreements by and between CHS Group and any Non-Debtors, CFG Health, or any other party, related to the Leased Employees.

18

3.    Documents sufficient to identify the aggregate prepetition amounts owed by the Debtors to CHS Group as of the Petition Date.

4.    Documents sufficient to identify all direct and indirect equity holders of CHS Group.

5.    Documents sufficient to identify the current and historical corporate organizational structure of CHS Group and its Affiliates, including without limitation, the Debtors, TN Services, and any Staffing Agencies.

6.    All Documents, Communications, and supporting analyses concerning any organizational changes or proposed organizational changes.

7.    A schedule identifying all officers, directors, executives, or other stakeholders of CHS Group with any affiliation to any of the Non-Debtors, whether historically or currently, including such persons' (i) title at CHS Group (or its Affiliates), (ii) tenure at CHS Group (or its Affiliates), (iii) name of the corresponding Non-Debtor(s), and (iv) role at the corresponding Non-Debtors.

8.    Documents sufficient to identify (i) the current assets and liabilities of CHS Group and (ii) the aggregate amount of cash held in any bank accounts maintained by CHS Group.

9.    Documents sufficient to identify how funds flow from the Debtors, Non-Debtors, CFG Health, or any other entity to CHS Group and then to the Leased Employees, including any invoices, payment schedules, or funding agreements.

10.    Documents sufficient to identify all bank accounts owned or controlled by CHS Group.

11.    Documents sufficient to identify all transfers made by CHS Group to, or on behalf of, any Non-Debtors, CFG Health, or other entity, related to the Leased Employees.

19

12. Documents sufficient to identify each Leased Employee's (i) name; (ii) title; (iii) role; (iv) assigned facility; (v) agreements related to providing services to the Debtors; and (vi) amount owed for providing services to the Debtor prior to the Petition Date.

13. Documents sufficient to identify which Leased Employees CHS Group believes qualify as Insiders of the Debtors.

14. Documents sufficient to identify who directs and supervises the Leased Employees' day-to-day activities.

15. Documents sufficient to identify (i) which Leased Employees are providing services to the Debtors pursuant to active contracts following the Petition Date and (ii) which Leased Employees ceased providing services to the Debtors prior to the Petition Date.

16. Documents sufficient to identify (i) which Leased Employees provided services to any Non-Debtors, Insiders of the Debtors, or CFG Health prior to the Petition Date and (ii) which Leased Employees are providing services to any Non-Debtors, Insiders of the Debtors, or CFG Health following the Petition Date.

17. Documents sufficient to identify the amount and recipients of payments proposed to be made by CHS Group to any Leased Employees for services rendered following the Petition Date, including, without limitation, those to paid pursuant to the Budget, or any other budget filed in connection with a debtor-in-possession financing motion or motion to use cash collateral filed in the Chapter 11 Cases.

18. All Communications between, among, or involving CHS Group officers, directors, executives, or other stakeholders related to any agreements with the Debtors, Non-Debtors, CFG Health, and/or NaphCare pertaining to the Leased Employees, including without limitation any negotiation of contract terms.

20

19. All Communications between, among, or involving CHS Group officers, directors, executives, or other stakeholders related to contracts previously or currently held by Debtor entities including, without limitation, the transition of those contracts to other entities including without limitation the Non-Debtors, CFG Health, and NaphCare.

20. To the extent not captured above, all Communications between, among, or involving CHS Group officers, directors, executives, or other stakeholders with any entities that currently hold contracts once held by the Debtors, including, without limitation, CFG Health, NaphCare, Wellpath, 3C, or Armor.

21. Annual audited financial statements of CHS Group.

22. Monthly financial statements of CHS Group.

23. All federal and state tax returns of CHS Group.

24. All Board Materials, including minutes, resolutions (and all related schedules), reports, analyses, and presentations related to the Leased Employees.

# **EXHIBIT C**

# AFFIDAVIT OF SERVICE

## UNITED STATES BANKRUPTCY COURT
Middle District of Florida

Case Number: 26-01087-FMR

Debtor:
**IN RE: CHS FL, LLC, et al.**

For:
Luis Salazar
COLE SCHOTZ PC

Received by Chris Yeoman on the 9th day of June, 2026 at 10:05 am to be served on **CHS Employee Group LLC c/o REGISTERED AGENT, CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Chris Yeoman, being duly sworn, depose and say that on the **9th day of June, 2026** at **1:20 pm, I:**

**Served Corporate** the within named Corporation / Limited Liability Company / Limited Liability Partnership / Limited Partnership by delivering a true copy of the **SUBPOENA TO TESTIFY AT A DEPOSITIONIN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING), THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE'S NOTICE OF TAKING DEPOSITION DUCES TECUM OF CHS EMPLOYEE GROUP LLC with SCHEDULE A and SCHEDULE B, and **WITNESS CHECK OF $40.00** with the date and hour of service endorsed thereon by me to MONICA CREARY, Designated Representative of the Registered Agent,** who stated they have been designated by the Registered Agent to accept service for the within named Corporation / Limited Liability Company / Limited Liability Partnership / Limited Partnership. Served pursuant to Florida Statute 48.091(3)(4). Service was accepted at the office of the Registered Agent, **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

**Description** of Person Served: Age: 30, Sex: F, Race/Skin Color: Black, Height: 5'7", Weight: 130, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server in good standing in the county or judicial circuit in which the process was affected in accordance with State Statutes. Under penalties of perjury, I declare that I have read the forgoing Affidavit/Verified Return of service and the facts stated in it are true and correct. Pursuant to F.S. 92.525(2).

Subscribed and Sworn to before me by means of [X] physical presence or [ ] online notarization this the ___9___ day of ___June___, _2026_ by the affiant who is personally known to me.

NOTARY PUBLIC

GABRIELLE MARIE THOMAS
Notary Public-State of Florida
Commission # HH 525447
My Commission Expires
May 09, 2028

**Chris Yeoman**
SPS #262

**ORANGE LEGAL, A VERITEXT COMPANY**
**800 North Magnolia Avenue**
**4TH FLOOR**
Orlando, FL 32803
(800) 275-7991

Our Job Serial Number: CIZ-2026012333
Ref: 8264385

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d



# **EXHIBIT D**



7676 Forsyth Boulevard, Suite 800, St. Louis, MO 63105  ·  (314) 889-8000

June 11, 2026

James P. Martin
(314) 552-6802
jmartin@polsinelli.com

**VIA ELECTRONIC MAIL**

Luis Salazar
Cole Schotz P.C.
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129
Telephone: (305) 374-4848
Email: lsalazar@coleschotz.com

> **Re:** **Subpoena Duces Tecum Directed to CHS Employee Group LLC**
> **In re: CHS FL, LLC, *et al.*, No. 2:26-bk-01087-FMR (Bankr. M.D. Fla.)**

Mr. Salazar:

Our firm has received the subpoena duces tecum (the "**Subpoena**") directed to CHS Employee Group LLC. We write to advise that Polsinelli PC does not represent CHS Employee Group LLC in this matter and is not authorized to accept service or respond to the Subpoena on its behalf.

Accordingly, we are unable to respond to the Subpoena. Please direct any future correspondence or service the appropriate party.

Sincerely,

/s/ *James P. Martin*

James P. Martin

cc:    Justin R. Alberto, Esq., jalberto@coleschotz.com
Sarah A. Carnes, Esq., scarnes@coleschotz.com
Brian Rosen, Esq., brosen@proskauer.com
Ehud Barak, Esq., ebarak@proskauer.com
Daniel Desatnik, Esq., ddesatnik@proskauer.com
Paul Possinger, Esq., ppossinger@proskauer.com

Atlanta | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston
Kansas City | Los Angeles | Miami | Nashville | New York | Park City | Philadelphia | Phoenix | Raleigh
Salt Lake City | San Diego | San Francisco | Seattle | St. Louis | Washington, D.C. | Wilmington

polsinelli.com

111615531



June 11, 2026
Page 2


Jordan Sazant, Esq., jsazant@proskauer.com
Mike Del Lago, Esq., mike@dellagolaw.com
Trinitee G. Green, Esq., tggreen@polsinelli.com
Jeremy R. Johnson, Esq., jeremy.johnson@polsinelli.com

111615531